Dear Dr. Michel:
Your request for an Attorney General's Opinion has been forwarded to my office for response. As I understand it, your question is:
 Does the law permit the City of Marksville Police Department to engage in fund raising activities for the purpose of off-setting its operating expenses?
Though your inquiry appears to present public finance issues as well, I will attempt to address the gaming issues raised in your letter.
The gaming issues are governed by Louisiana gaming law, specifically La.R.S. 14:90 and La.R.S. 4:701 et seq.. A fund raising activity need not be authorized by the State unless it meets the criteria of "gambling" as defined by La.R.S.14:90(1)(a):
 Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.
Accordingly, activities such as auctions, golf tournaments and fund-raising dinners do not per se fall under the purview of La.R.S. 14:90. Since your letter requested information on fund-raising, it is assumed that the city will receive a portion of any money generated from the games, and therefore that the activity will be conducted "as a business."
Once it is determined that an activity is gambling in accordance with La.R.S. 14:90, then it is illegal unless the law otherwise permits it. There are a number of these exceptions, collectively called "games of chance," provided for in the law. For your purposes, any games of chance that the City of Marksville desires to conduct could only be authorized under the provisions found in La.R.S. 4:701 et seq., known as the "Charitable Raffles, Bingo and Keno Licensing Law."
Under these statutes, particularly La.R.S. 4:707, the Office of Charitable Gaming in the Louisiana Department of Revenue is authorized to license charitable organizations to conduct the following, and only the following, games of chance:
 1) Raffles, defined as the "drawing for prizes or the allotment of prizes by chance, by the selling or shares, tickets, or rights to participate in such game or games, and by conducting the game or games accordingly";
 2) Bingo;
 3) Pull-tabs, played either with card tickets or via electronic pull-tab devices;
 4) Electronic Video Bingo; and
 5) Casino Night, or "Las Vegas Night," which is limited by LAC 42:I.2325(A) to the conducting of Blackjack, Roulette, dice games where the player competes with the house, Money Wheel, Baccarat, Poker and Bourree.
Licenses for these activities may only be obtained through the Office of Charitable Gaming, and, furthermore, may only be granted to charitable organizations who are qualified as such with the Internal Revenue Service via a 501(c) tax exemption, or to Mardi Gras carnival organizations, civic or service associations, volunteer fire companies, booster clubs and parent-teacher associations, as defined in La.R.S. 4:707(C).
Additionally, La.R.S. 4:707(D) provides statutory exemptions from licensing for bona fide senior citizens recreation clubs, school groups, community support groups and bona fide conservation organizations. Determining whether a particular activity falls within the definition of one of the above-cited games of chance, and whether a particular organization may be licensed or exempted from licensing, is an issue that should be presented to the Office of Charitable Gaming on a case-by-case basis.
It is important to note that donations to police departments are almost always considered to be public-spirited in nature, in accordance with La.R.S. 4:707(B), and therefore are a permissible use of charitable gaming funds. As such, any charitable organizations who wished to donate gaming proceeds to the City of Marksville would generally be allowed to do so.
Also noteworthy is La.R.S. 27:402, which permits any person twenty-one years of age or older to conduct a raffle for any purpose without the necessity of a charitable gaming license, provided that the value of the prize played for does not exceed two hundred-fifty dollars ($250.00). The language of this provision indicates that its intent is to address the activities of real persons, not juridical persons such as corporate entities or organizations.
In conclusion, if the City of Marksville desires to engage in an activity that meets the criteria of gambling, then it must either obtain a license to do so, or be statutorily exempted from the licensing requirement. Again, it would appear to be permissible for any licensed charitable organization to donate funds to the City, public finance issues notwithstanding.
Your letter has been forwarded to the Civil Division, Public Finance Section for further consideration of other issues raised in your letter.
I hope that this information has adequately addressed you needs. If I may be of further assistance, please feel free to contact my office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KAREN DAY WHITE Assistant Attorney General Gaming Division
KDW/am
Date Received:
Date Released: August 27, 2001